# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY RAY PUMPHREY, JR., | CASE NO. 5: 23-cv-659 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES, *et al.*, | |
| DEFENDANTS. | |

*Pro se* plaintiff Jeffrey Ray Pumphrey, Jr. filed a civil complaint in this case purportedly on behalf of himself, his minor child, and the mother of his minor child against the Stark County Department of Job and Family Services (SCDJFS) and "Staff Members." (Doc. No. 1.)

Plaintiff's complaint pertains to the custody of his minor child. He states his minor daughter is in "the unlawful custody of [SCDJFS], placed with the state of Ohio's 'Foster Care System'" after being removed from plaintiff's custody following an allegedly unconstitutional search of his home and a judicial hearing in Stark County, in which he contends he was deprived of his due process and equal protection rights. (*Id.* at 2.[1]) The relief plaintiff seeks is "immediate return of [his] daughter" to his custody and care. (*Id*. at 7.)

With his complaint, plaintiff filed a motion to proceed *in forma pauperis* (Doc. No. 2) and a "Request for Expedited/Emergency Review" (Doc. No. 3).

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

Upon review, the Court finds that plaintiff's complaint must be dismissed.

"Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction." *Anderson v. Forolic*, No. 3:19-cv-2265, 2021 WL 424341, at *1 (N.D. Ohio Feb. 8, 2021); *see* Fed. R. Civ. P. 12(h)(3). The Court must dismiss a case once it determines it lacks subject-matter jurisdiction. This is such a case.

Federal courts lack jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). Even when a plaintiff raises other claims, a federal court does not have jurisdiction over a case if "the core concern of [the] complaint is domestic relations issues[.]" *Lamm v. Hall*, No. 5:22-cv-1961, 2023 WL 1782206, at *2 (N.D. Ohio Feb. 6, 2023) (citing *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003)).

The core issue in this case is one of domestic relations because plaintiff is challenging the state's removal of his daughter from his custody and seeks relief in the form of return of his child. "Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody[.]" *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003).

Further, "federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct [a] state court judgment." *Danforth*, 76 F. App'x at 616. Accordingly, this Court lacks jurisdiction to the extent plaintiff seeks review and reversal of a state-court judgment regarding the custody of his minor child. *Id*.

## Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. In light of this dismissal, plaintiff's pending motions (Doc. Nos. 2 and 3) are denied as moot. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

**IT IS SO ORDERED**.

Dated: June 22, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**